**IT IS ORDERED as set forth below:**

**Date: September 11, 2025**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 25-58144-JWC |
| JOSHUA RAY MAYNE, | * | |
| | * | CHAPTER 13 |
| | * | |
| DEBTOR | * | |

### ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL
### AND MODIFICATION OF THE PLAN

On August 19, 2025, Debtor filed an *Application to Employ* Talal Ghosheh with The Ghosheh Law Firm as Special Counsel (the "Application") (docket no.14) to represent him in matters relating to one (1) personal injury claim (the "Matters"). No notice or hearing on the Application is necessary. Based upon Special Counsel's affidavit, it appears that Special Counsel is an attorney with expertise in the matters in which he is specially engaged and that this case justifies employment of professionals for the purpose specified.

Subject to written objection filed by the United States Trustee, the Chapter 13 Trustee, or any

other party in interest in this case within twenty-one (21) days from the date of entry of this Order, it is hereby **ORDERED** as follows:

1. Pursuant to 11 U.S.C. Section 327(e) and Fed. R. Bank. P. 2014, the employment of Special Counsel to represent Debtor and the Chapter 13 estate with respect to the aforementioned matters are hereby approved;

2. These Matters constitute property of the estate pursuant to 11 U.S.C. Section 1306;

3. Any compromise, settlement, or other final resolution in regards to the Matters are subject to approval of this Court after notice to all interested parties, including the Chapter 13 Trustee, with an opportunity to be heard with regard thereto. Neither Debtor, Debtor's Counsel, nor Special Counsel is authorized to settle, compromise, or release any claims without approval of this Court. Fed. R. Bank. P. 9019(a);

4. If the matters are not resolved prior to completion of all regular payments due under the plan or if there is not further Order of this Court, the Chapter 13 Trustee may delay filing the Trustee's Notice of Plan Completion until this matter is resolved or the funds are paid into the case;

5. No compensation shall be awarded or paid to Special Counsel until the Court has allowed such compensation in accordance with 11 U.S.C. Sections 330 and 331, and Fed. R. Bankr. P 2016, after notice and hearing on all interested parties including the Chapter 13 Trustee; and

6. Any objection to this Order shall be served on the Debtor, Counsel for the Debtor, Special Counsel, the Chapter 13 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

Presented By:

\_\_/s/_____
Stanley J. Kakol, Jr.
Attorney for Debtor
Georgia Bar No. 406060
Law Offices of Stanley J. Kakol, Jr.
5353 Fairington Road
Suite C
Lithonia, Georgia 30038
(770) 800-0440


No Opposition By:
\_\_/s/_____
Julie Anania
With express permission
GA Bar No.: 477064
Attorney for Chapter 13 Trustee
303 Peachtree Center Ave.
Suite 120
Atlanta, GA 30303

## DISTRIBUTION LIST

Joshua Ray Mayne
147 River Park Circle
McDonough, GA 30252

Nancy J. Whaley
Standing Chapter 13 Trustee
303 Peachtree Center Avenue
Suite 120
Atlanta, GA 30303

Office of the United States Trustee
Richard Russell Building
75 Ted Turner Drive SW, Room 362
Atlanta, GA 30303

Talal Ghosheh
The Ghosheh Law Firm
368 W Pike Street
Suite 207
Lawrenceville, GA 30046